UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| COAST TO COAST HOLE IN ONE, LLC, *et al.*,<br><br>                    Plaintiffs,<br><br>        v.<br><br>MICHAEL HIGGINS, *et al.*,<br><br>                    Defendants. | Case No. 3:24-cv-00195-MMD-CSD<br><br>ORDER |

Plaintiffs Terry Ulleseit and Denise I. George created an LLC, Plaintiff Coast to Coast Hole in One, LLC, with Defendant Michael Higgins to engage in the business of prize indemnification at charity golf tournaments. (ECF No. 1-2 ("Complaint").) Plaintiffs sued Michael, his wife Tracy Higgins,[1] and a new company the Higgins set up recently, Hole in One Promotions, LLC, alleging that Michael breached various duties he owed Coast to Coast in setting up Hole in One, along with alleging that Tracy and Hole in One committed various business torts for setting up Hole in One and competing for business with Coast to Coast. (*Id.*) The Court has thoroughly reviewed the several pending motions and the briefing associated with them. (ECF Nos. 10, 14, 25, 30, 38, 43, 44, 56.)[2] The Court previously set a hearing (the "Hearing") on these pending motions for August 19, 2024. (ECF No. 49.) The Court issues this order to dismiss Hole in One for lack of personal jurisdiction and focus counsels' attention on two specific issues that the Court

---

[1]To distinguish between them, the Court will refer to them as Michael and Tracy in this order.

[2]The Court referred the motion for sanctions (ECF No. 50) to United States Magistrate Judge Craig S. Denney. He will resolve that motion. The motion to disqualify counsel (ECF No. 56) is not yet fully briefed, but will be before the Hearing (ECF No. 64). The Court may refer that motion to Judge Denney, but currently plans to address it. And to be clear, the Court expects the parties to be prepared to discuss the motion to disqualify at the Hearing as well if the Court has not resolved that motion by then.

1  wishes to hear evidence and argument on at the Hearing: (1) whether the Court has
2  personal jurisdiction over Tracy; and (2) whether the Operating Agreement is enforceable.

3     The Court begins with the issue of its lack of personal jurisdiction over Hole in One.
4  One of the pending motions is a motion to dismiss for lack of personal jurisdiction filed by
5  Tracy and Hole in One. (ECF No. 14.) Tracy and Hole in One present evidence—Tracy's
6  declaration—that Hole in One is a Massachusetts company that Tracy set up around
7  March 2024, listing both Michael and Tracy as members. (ECF No. 14-2 at 4.) Tracy later
8  removed Michael as a manager of Hole in One; she is now the sole owner. (*Id.*) Tracy
9  swears that Hole in One has never done any business with any clients or customers in
10  Nevada. (*Id.*) Based on this evidence, Hole in One argues that the Court lacks both
11  general and specific personal jurisdiction over it. (ECF No. 14 at 2, 5-9.)

12     And as Hole in One points out in reply (ECF No. 29 at 5), Plaintiffs do not present
13  any specific argument as to whether the Court has personal jurisdiction over Hole in One
14  in response to the motion to dismiss, much less any evidence that could contravene the
15  evidence that Tracy presented about Hole in One in her declaration, and the Court
16  summarized above (*see generally* ECF No. 24). Indeed, Plaintiffs describe Hole in One
17  as a Commonwealth of Massachusetts Limited Liability Company formed by the Higgins
18  on February 21, 2024, in the Complaint. (ECF No. 1-2 at 4.) Plaintiffs do not allege any
19  facts suggesting that the Court may have personal jurisdiction over Hole in One in the
20  'jurisdiction and venue' section of their Complaint, either. (*Id.* at 5-6.) In sum, the only
21  evidence before the Court compels the conclusion that the Court lacks personal
22  jurisdiction over Hole in One. Based on the evidence before the Court, Hole in One is a
23  Massachusetts company (whose sole owner resides in Massachusetts) that has never
24  done any business in Nevada. (ECF No. 14-2 at 4.) *See also, e.g.*, *Walden v. Fiore*, 571
25  U.S. 277, 285 (2014) ("the plaintiff cannot be the only link between the defendant and the
26  forum. Rather, it is the defendant's conduct that must form the necessary connection with
27  the forum State that is the basis for its jurisdiction over him."); *see also id.* at 288
28  (concluding "that petitioner lacks the 'minimal contacts' with Nevada that are a

1    prerequisite to the exercise of jurisdiction over him."). The Court will accordingly dismiss

2    Hole in One from this case without prejudice for lack of personal jurisdiction.

3        But whether the Court has personal jurisdiction over Tracy is a closer call that

4    Plaintiffs clearly contest in responding to Tracy's motion to dismiss for lack of personal

5    jurisdiction. (ECF Nos. 14, 24.) And the Court "generally may not rule on the merits of a

6    case without first determining that it has jurisdiction over . . . the parties (personal

7    jurisdiction)." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430-31

8    (2007). Moreover, various aspects of this case would be streamlined if it proceeds only

9    against Michael and not Michael and Tracy. For example, only Michael is listed in the

10   signature section of the unsigned Operating Agreement and only Michael is a manager

11   of Coast to Coast. (ECF Nos. 14-10 at 12, 14-11 at 2.) The Court accordingly orders the

12   parties to be prepared to offer evidence and argument going to whether the Court has

13   personal jurisdiction over Tracy at the Hearing.

14       The Court additionally expects the parties to be prepared to offer evidence and

15   argument going to whether the Operating Agreement (ECF No. 14-10, though filed as

16   various other exhibits as well) is enforceable at the Hearing. If the Operating Agreement

17   is enforceable, the Court is tentatively persuaded by Michael's argument that the Court

18   would have to send Plaintiffs' claims against him to arbitration because he submitted an

19   arbitration demand to Plaintiffs. (ECF No. 43 at 2-4 (making the argument).) And were the

20   Court to make that finding, the Court would also grant Michael's motion to stay Plaintiffs'

21   claims against him. (ECF No. 44.) *See Smith v. Spizzirri*, 601 U.S. 472, 475-76 (2024)

22   ("When a federal court finds that a dispute is subject to arbitration, and a party has

23   requested a stay of the court proceeding pending arbitration, the court does not have

24   discretion to dismiss the suit on the basis that all the claims are subject to arbitration.").

25   This finding could also render several of the other pending motions moot. The Court

26   accordingly seeks to answer the question of whether the Operating Agreement binds its

27   three intended signatories (ECF No. 14-10 at 12) before addressing the other issues in

28   this case.

3

It is therefore ordered that Hole in One Promotions, LLC is dismissed from this case without prejudice because the Court lacks personal jurisdiction over it.

It is further ordered that the parties must be prepared to present evidence and argument at the Hearing going to: (1) whether the Court has personal jurisdiction over Tracy Higgins; and (2) whether the Operating Agreement is enforceable. The Court intends to focus on these issues at the Hearing.

DATED THIS 14th Day of August 2024.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE