# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| COAST TO COAST HOLE IN ONE, LLC, et al., | Case No.: 3:24-cv-00195-MMD-CSD |
| Plaintiffs, | **Order** |
| v. | |
| MICHAEL HIGGINS, et al., | |
| Defendants | |

MICHAEL HIGGINS,

      Counterclaimant,

v.

COAST TO COAST HOLE IN ONE, LLC, et al.,

      Counterdefendants

Plaintiffs' counsel, Stephen Kent, Esq., sent an email to Judicial Assistant Heidi Jordan on Friday August 23, 2024, at 3:16 p.m., copying Defendants' counsel, and asked whether it would be possible for the undersigned to become involved in assisting the parties with settlement. Notably, the email did not only ask about the court's willingness to facilitate continued settlement discussions, but included substantive allegations about Michael Higgins transferring funds from a Coast to Coast bank account.

On August 23, 2024, at 4:27 p.m., Defendants' counsel, Anthony Arger, Esq., sent Ms. Jordan an email, copying Mr. Kent, and advised that it did not appear Plaintiff's counsel's plea

for the court's involvement in continued settlement discussions could be accommodated in light of Chief District Judge Du's order staying the case and sending it to arbitration.

Preliminarily, it may be appropriate for counsel to contact a judicial assistant or courtroom deputy about scheduling matters. However, Plaintiffs' counsel crossed the line when he included substantive accusations about the Defendants in an email to court staff. If there is a substantive issue in a case which requires the court's attention, counsel should bring it before the court in a motion filed in the court's docket, and not in an email to court staff. Plaintiffs' counsel is admonished to refrain from contacting court staff via email or telephone regarding substantive case issues.

Moreover, Mr. Arger is correct that Chief District Judge Du has ordered this case proceed in arbitration. The case has been stayed pending arbitration, and the case has been administratively closed. (ECF No. 72.) Therefore, the court does not have authority to order the parties to appear for continued settlement discussions. If, however, the parties agree that continued settlement discussions would be worthwhile, they may file a *stipulation* to participate in continued settlement discussions, and the court will endeavor to accommodate the parties. In the absence of a stipulation, the parties may proceed with private settlement discussions or directly with arbitration.

**IT IS SO ORDERED**.

Dated: August 26, 2024

_____
Craig S. Denney
United States Magistrate Judge